It was contended for the plaintiff that the line from the pine at E should be extended to G, so as to give the full distance of 320 poles, and to make G A the last line of the tract, and therewith include (697) the defendant's possession at H. The presiding judge instructed the jury that inasmuch as the patent described the land to be "on the north side of the river," and after calling for the pine on theMarsh Branch, gives a line running thence "along said branch" (without anycourse) "320 poles," and no proof was given of an actual survey of those lines, the branch was the boundary, and the mouth of it the corner of the land covered by the patent; and that no regard was to be paid to the distance in this case; consequently, that the lessors of the plaintiff had no title to the lands in dispute, and the defendant was, in law, entitled to their verdict. *Page 497 
Regular conveyances from the patentee, Kornega, to the lessor of the plaintiff were produced, and the defendant's grant, issued after
[EDITORS' NOTE: THE DIAGRAM IS ELECTRONICALLY NON-TRANSFERRABLE.], SEE 4 N.C. 497.]
Kornega's. The question for the decision of the Supreme Court is whether upon the foregoing statement and the construction of Kornega's patent *Page 498 
the direction given by the court to the jury was right or not. If right, then the rule for a new trial to be discharged; if wrong, the rule is to be made absolute.
The court did right in telling the jury that as the patent described the land to lie on the north side of the river, and after calling for a pine on
the branch, gives the line along said branch, the distance was to be disregarded and the line stopped at the mouth of the branch.
Let the rule for a new trial be discharged.
NOTE. — See the cases referred to in the note to Bradford v. Hill,2 N.C. 22, and also the cases referred to in the note to Person v.Rountree, 1 N.C. 69.
(698)